**Alie KAMARA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–71753.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2012.[*]

Filed Sept. 18, 2012.

Mark Barrett Nerheim, Law Offices of Mark B. Nerheim, Seattle, WA, for Petitioner.

OIL, Rosanne Perry, Trial, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Alie Kamara, a native and citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we review de novo claims of due process violations in immigration proceedings. *Zetino v. Holder,* 622 F.3d 1007, 1011 (9th Cir.2010). We deny the petition for review.

Kamara contends the harm he and his family suffered in Sierra Leone was on account of his religion and his actual or imputed political opinion. Substantial evidence supports the BIA's finding that Kamara failed to establish he was persecuted on account of a protected ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (petitioner did not show guerrillas would persecute him because of his political opinion rather than his refusal to join). Accordingly, Kamara's asylum claim, including his claim for humanitarian asylum, and his withholding of removal claim fail.

Substantial evidence also supports the denial of CAT relief because Kamara failed to establish it is more likely than not that he will be tortured if returned to Sierra Leone. *See Sowe v. Mukasey,* 538 F.3d 1281, 1289 (9th Cir.2008). Kamara's contention that the BIA failed to give independent consideration to his CAT claim is belied by the record.

Further, Kamara's due process claims fail because he has not shown the BIA erred. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process challenge to deportation proceedings).

Finally, we deny Kamara's motion to strike the government's answering brief.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

